UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Thomas Doyle

   v.                                                 Civil No. 08-cv-361-PB

State of New Hampshire[1]

**O R D E R**

Pro se petitioner Thomas Doyle has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his New Hampshire state court sentence and the prosecution's breach of his plea agreement (document no. 1). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings). For the reasons

---

[1] As petitioner is in custody at the Lakes Region Facility, I construe the sole respondent to be the warden of that facility. See Habeas Rule 2 (where petitioner is in custody pursuant to a state judgment, the state officer having custody of the petitioner shall be named as respondent).

discussed herein, Doyle is ordered to amend his petition to demonstrate that it is timely filed.

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.

See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Doyle is currently incarcerated at the Lakes Region Facility in Laconia, New Hampshire. On May 9, 2006, he alleges that he accepted a plea agreement in which the prosecution agreed to recommend three one-year consecutive sentences to be served in the county house of corrections. Within one hour of Doyle's acceptance of the plea, however, the prosecution allegedly withdrew the plea agreement and never presented it to the trial court judge. On the day the prosecution withdrew the plea offer, petitioner claims that his attorney was laughing with the prosecutor as they came into the courtroom. Petitioner and his attorney then engaged in a heated argument in the courtroom. Petitioner then attempted to fire his attorney in the courtroom, but was told he would have to proceed with that attorney or go forward pro se. He apparently went forward with counsel who told him he was pretty sure he could not beat the charges at trial, and that he wouldn't ask for a "lower number." Petitioner is also claiming that he was under the influence of prescription drugs that impaired his ability to comprehend the plea he was

making, and that false information from his attorney ultimately caused him to agree to a guilty plea that he did not have proper time to consider.  Subsequently, Doyle was sentenced by the New Hampshire Superior Court (Rockingham County) to a term of imprisonment.  The petition does not reveal the nature of his conviction, the sentence(s) imposed, or whether he sought appellate review in the New Hampshire state courts.[2]

On August 29, 2008, Doyle filed an appeal with the First Circuit Court of Appeals in which he raised nine claims similar to those raised in the instant federal petition, as discussed below.  The petition does not address the First Circuit's disposition of the appeal.

Doyle now brings the instant petition, which I liberally construe to allege the following grounds for federal habeas corpus relief:

1. breach of a plea agreement arising from the prosecution's withdrawal of a negotiated plea agreement[3];

---

[2]A perusal of the New Hampshire Department of Corrections' website reveals that Doyle was convicted of theft-related offenses, and sentenced to 3 – 15 years in prison.  It appears that his minimum parole eligibility date is in May 2009, and his maximum release date is in May 2021.

[3]I construe this claim to raise a Fourteenth Amendment due process claim arising from the prosecution's withdrawal of a

  2. denial of the Sixth Amendment right to effective assistance of trial counsel arising from (a) counsel's continued representation of Doyle despite a conflict of interest and (b) counsel's failure to effectively negotiate a plea agreement in Doyle's favor and (c) counsel's advice that Doyle accept a plea agreement while under duress;

  3. conviction obtained by a guilty plea that was unlawfully induced, and/or was not knowing, intelligent and voluntary when Doyle (a) accepted a guilty plea while under the influence of prescription medications that impaired his ability to understand the plea and (b) accepted a guilty plea under duress and out of fear;

  4. conviction obtained by a guilty plea that was not knowing, intelligent and/or voluntary when Doyle accepted a guilty plea in reliance upon his trial counsel's false statements that misrepresented the terms of the plea; and

  5. conviction obtained by a guilty plea that was unlawfully induced, and/or was not knowing, intelligent and voluntary when Doyle accepted a plea without sufficient time to consider the terms of the agreement.

## Discussion

I. <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 <u>et seq.</u> (2000), which became

---

negotiated plea agreement. See <u>Santobello v. New York</u>, 404 U.S. 257 (1971) (holding that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.")

effective on April 24, 1996, sets a one-year limitations period for federal habeas petitions by state prisoners.  28 U.S.C. § 2244(d)(1).  AEDPA's one-year limit runs from the time that the State court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  Petitions challenging convictions obtained after the AEDPA's effective date, such as is the case here, are subject to the requirements and limitations of that statute.

Statutory exceptions to the one-year limitations period exist where an untimely filing was caused by the State, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim.  <u>David v. Hall</u>, 318 F.3d 343, 344 (1st Cir. 2003); 28 U.S.C. § 2244(d)(1)(B)-(D).  The AEDPA further excludes from the one-year limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  Additionally, the First Circuit has stated that equitable tolling of the AEDPA's limitations period might be

available, but "only for the most exceptional reasons." <u>David</u>, 318 F.3d at 346.

Here, Doyle appears to challenge a conviction that became final in May 2006. There is no indication that he filed any application for state post-conviction relief between May 2006 and September 4, 2008 when the instant federal habeas corpus petition on September 4, 2008 was filed. In amending his petition, as directed below, Doyle should identify any direct appeal taken, and when such an appeal was decided by the New Hampshire Supreme Court, and/or any state habeas corpus petitions or other post-conviction motions litigated during the period between May 2006 and September 2008, including the dates those actions were filed and the dates they were finally resolved.

## II.  <u>Custody and Exhaustion</u>

To be eligible for habeas relief, White must show that he I sin custody and has exhausted all of his state court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes. <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see also</u> <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the exhaustion principle). Doyle satisfies the first requirement as

he is currently incarcerated at the Lakes Region Facility, and is thus in custody.  However, Doyle fails to satisfy the second requirement because the petition does not at this time demonstrate that he has exhausted his state remedies with regard to each claim.  Nor has he alleged any facts to suggest that effective state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error).  "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the

existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000) (internal citations omitted)). "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson, 131 F.3d at 261 (emphasis added).

In the instant petition, Doyle has not demonstrated that any of the claims raised here, including the federal nature of those claims, have been presented to the New Hampshire Supreme Court for review. Accordingly, he has failed to demonstrate exhaustion of state remedies with regard to the claims raised here.

## Conclusion

I will give Doyle the opportunity to amend his complaint to demonstrate that his petition has been timely filed. If Doyle is able to successfully demonstrate the timeliness of this action, then I will give him the opportunity to exhaust his federal claims in the state courts.

Doyle is directed to amend his petition to demonstrate that it has been timely filed within thirty days of the date of this

Order.  If he cannot so demonstrate, I will recommend dismissal of this action.  If he is able to demonstrate that his petition is timely, I will issue a further order directing him to amend his petition to demonstrate exhaustion.

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:     November 5, 2008

cc:       Thomas Doyle, pro se