UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Thomas Doyle


        v.                                  Civil No. 08-cv-361-PB


State of New Hampshire[1]


**REPORT AND RECOMMENDATION**


        Pro se petitioner Thomas Doyle has filed a petition for a
writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging
his New Hampshire state court sentence and the prosecution's
breach of his plea agreement (document no. 1).  The petition is
before me for preliminary review.  See Rule 4 of the Rules
Governing § 2254 Proceedings ("Habeas Rules") (requiring initial
review to determine whether the petition is facially valid); see
also United States District Court for the District of New
Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate
judge to preliminarily review pro se pleadings).  For the reasons

---

        [1]As petitioner is in custody at the Lakes Region Facility, I
construe the sole respondent to be the warden of that facility.
See Habeas Rule 2 (where petitioner is in custody pursuant to a
state judgment, the state officer having custody of the
petitioner shall be named as respondent).

stated below, I conclude that Doyle's petition is time-barred and therefore recommend that it be dismissed.

## Standard of Review

In conducting a preliminary review, the court liberally construes pro se pleadings, however inartfully pleaded.  <u>See</u> <u>Erickson v. Pardus</u>, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  <u>See</u> <u>also</u> <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims).  "The policy behind affording pro se [petitioners] liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997).

At this preliminary stage of review, all factual assertions made by the petitioner and inferences reasonably drawn therefrom must be accepted as true.  <u>See</u> <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard

of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration.

### Background

Doyle is currently incarcerated at the Lakes Region Facility in Laconia, New Hampshire. He alleges that on May 9, 2006, he accepted a plea agreement in which the prosecution agreed to recommend three one-year consecutive sentences to be served in the county house of corrections. Within one hour of Doyle's acceptance of the plea, however, the prosecution allegedly withdrew the plea agreement and never presented it to the trial court judge. On the day the prosecution withdrew the plea offer, Doyle claims that his attorney was laughing with the prosecutor as they came into the courtroom. Doyle and his attorney then engaged in a heated argument in the courtroom. Doyle then attempted to fire his attorney in the courtroom, but was told that he would have to proceed with that attorney or go forward pro se. He apparently went forward with counsel who told him he was pretty sure he could not beat the charges at trial, and that he would not ask for a "lower number." Doyle also claims that he

was under the influence of prescription drugs that impaired his ability to comprehend the plea he was making, and that the false information from his attorney ultimately caused him to agree to a guilty plea that he did not have proper time to consider. Subsequently, Doyle was sentenced by the New Hampshire Superior Court (Rockingham County) to a term of imprisonment.  The petition does not reveal the nature of his conviction, the sentence(s) imposed, or whether he sought appellate review in the New Hampshire state courts.[2]

On August 29, 2008, Doyle filed an appeal with the First Circuit Court of Appeals in which he raised nine claims similar to those raised in the instant federal petition, as discussed below.  The petition does not address the First Circuit's disposition of the appeal.

Doyle now brings the instant petition, which I liberally construe to allege the following grounds for federal habeas corpus relief:

1.   breach of a plea agreement arising from the
     prosecution's withdrawal of a negotiated plea

_____

[2]The New Hampshire Department of Corrections' website reveals that Doyle was convicted of theft-related offenses and sentenced to 3-15 years in prison.  It appears that his minimum parole eligibility date is in May 2009, and his maximum release date is in May 2021.

agreement[3];

2.   denial of the Sixth Amendment right to effective
     assistance of trial counsel arising from (a)
     counsel's continued representation of Doyle
     despite a conflict of interest (b) counsel's
     failure to effectively negotiate a plea agreement
     in Doyle's favor and (c) counsel's advice that
     Doyle accept a plea agreement while under duress;

3.   conviction obtained by a guilty plea that was
     unlawfully induced, and/or was not knowing,
     intelligent and voluntary when Doyle (a) accepted
     a guilty plea while under the influence of
     prescription medications that impaired his ability
     to understand the plea and (b) accepted a guilty
     plea under duress and out of fear;

4.   conviction obtained by a guilty plea that was not
     knowing, intelligent and/or voluntary when Doyle
     accepted a guilty plea in reliance upon his trial
     counsel's false statements that misrepresented the
     terms of the plea; and

5.   conviction obtained by a guilty plea that was
     unlawfully induced, and/or was not knowing,
     intelligent and voluntary when Doyle accepted a
     plea without sufficient time to consider the terms
     of the agreement.

On November 5, 2008, Doyle was ordered to amend his federal

petition to demonstrate that it was timely filed.  He was further

---

[3]I construe this claim to raise a Fourteenth Amendment due
process claim arising from the prosecution's withdrawal of a
negotiated plea agreement.  See Santobello v. New York, 404 U.S.
257 (1971) (holding that "when a plea rests in any significant
degree on a promise or agreement of the prosecutor, so that it
can be said to be part of the inducement or consideration, such
promise must be fulfilled.")

ordered to demonstrate exhaustion of state remedies with regard

to each claim raised in his petition.  To date, he has failed to

amend his petition.

## Discussion

I.   <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), enacted on April 24, 1996, requires that prisoners

file applications for writs of habeas corpus within one year from

the date on which the challenged judgment becomes final.  28

U.S.C. § 2244(d)(1)(A).  This limitations period begins to accrue

from the date of the final disposition of any direct appeal to

the state court of last resort and the conclusion of certiorari

review by the United States Supreme Court, or the running of the

ninety-day period in which to seek such review.  <u>See</u> <u>id.</u>  <u>See</u>

<u>also</u> <u>Donovan v. Maine</u>, 276 F.3d 87, 91 (1st Cir. 2002).

"Statutory exceptions exist where the state impeded relief,

new constitutional rights were created by the Supreme Court, or

newly discovered facts underpin the claim."  <u>David v. Hall</u>, 318

F.3d 343 (1st Cir. 2003)(citing Section 2244(d)(1)(B)-(D)).  The

limitations period may be tolled during the pendency of a

properly filed application for state post-conviction relief or

other collateral review in state court, and may be equitably tolled in appropriate circumstances.  28 U.S.C. § 2244(d)(2). See also Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004) (holding "the one-year limitations period in § 2244(d)(1) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate cases.").  The party seeking to invoke equitable tolling bears the burden of establishing the basis of it.  See Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002). In the AEDPA context, equitable tolling is the exception rather than the rule and is deemed justified only in extraordinary circumstances.  Id.

Here, Doyle appears to challenge a conviction that became final in May 2006.  Absent tolling, he had through August 2007 to file a federal habeas corpus petition.  He filed the instant federal petition on September 4, 2008, more than one year after the AEDPA grace period had expired.  The petition, therefore, is time-barred unless he can demonstrate that an application for state post-conviction relief or other collateral review tolled the limitations period, or that he falls within a statutory exception to the one-year limitations period.

There is no indication that Doyle filed any application for

state post-conviction relief or other collateral review in the state courts from May 2006 through September 2008.  He has not alleged any exception to the one-year limitations period. Furthermore, he has failed to file an amended petition to demonstrate that his federal petition was timely filed.  For the foregoing reasons, I conclude that his federal petition is time-barred and therefore recommend that it be dismissed.

### Conclusion

For the reasons stated above, I recommend that Doyle's petition be dismissed as time-barred.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the petition.  If the petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the petition.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1);

see also Unauthorized Practice of Law Committee v. Gordon, 979

F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete

792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date: February 25, 2009

cc:   Thomas Doyle, pro se